IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Amy M. Rogers, a/k/a Amy M. King,       ) | Civil Action No.1:13-2327-BHH |
| ) | |
| Plaintiff,   ) | |
| ) | |
| vs.       ) | |
| ) | ORDER |
| Carolyn W. Colvin, Acting Commissioner   ) | |
| of the Social Security Administration,     ) | |
| ) | |
| Defendant.   ) | |
| ) | |

This matter is before the court on the plaintiff's motion for attorney's fees (ECF No. 36) for the successful representation of the plaintiff Amy M. Rogers ("the plaintiff") by Attorney Hal W. Roach in the underlying Social Security benefits action. The Court may make such an award pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412(d).

In her Motion for EAJA Fees, the plaintiff requests an award of $2,649.08 in attorney's fees, $18.33 in expenses and $400.00 in costs because she was the "prevailing party" and she claims that the position taken by the defendant was not "substantially justified." (ECF No. 36.) The defendant filed a response stating that the Commissioner does not object to the plaintiff's request for attorney's fees and costs, but that the award of attorney's fees should be paid directly to the plaintiff, and not her attorney. (ECF No. 37.)

The EAJA provides attorney's fees in actions where the government's position is not substantially justified. The substantial justification test is one of reasonableness in law and fact. *See Pierce v. Underwood*, 487 U.S. 552, 565, 108 S.Ct. 2541, 101

L.Ed2d 490 (1988). The district court has broad discretion to set the attorney fee amount. "[A] district court will always retain substantial discretion in fixing the amount of an EAJA award. Exorbitant, unfounded, or procedurally defective fee applications . . . are matters that the district court can recognize." *Hyatt v. North Carolina Dep't of Human Res*, 315 F.3d 239, 254 (4th Cir. 2002) (*citing Comm'r v. Jean*, 496 U.S. 154, 163 (1990)). Moreover, the court should not only consider the "position taken by the United States in the civil action," but also the "action or failure to act by the agency upon which the civil action is based." 28 U.S.C. § 2412(d)(2)(D), as amended by P.L. 99-80, § 2(c)(2)(B).

Accordingly, the court grants the motion, and directs the Commissioner to pay directly to the plaintiff $2,649.08 in attorney's fees, $18.33 in expenses and $400.00 in costs.[1] Such payment shall constitute a complete release from and bar to any and all

---

[1] Counsel has submitted an assignment, by the plaintiff, of the fees in this case (ECF No. 29-1) and, therefore, requests any award be made payable to him. In *Astrue v. Ratliff,* 560 U.S. 586, 598(2010), the United States Supreme Court held that the EAJA requires attorneys' fees to be awarded directly to the litigant. *Id*. (holding that the plain text of the EAJA requires that attorneys' fees be awarded to the litigant, thus subjecting EAJA fees to offset of any pre-existing federal debts); *see also Stephens v. Astrue*, 565 F.3d 131, 139 (4th Cir. 2009) (same). Neither *Ratliff* nor *Stephens* addresses whether claimants may assign EAJA fees to their attorneys via contract. This district, however, has fairly consistently found such assignments ineffective to require the Court to make payment directly to counsel. *See Williams v. Astrue*, No. 2012 WL 6615130, at *4 (D.S.C. Dec. 19, 2012); *Phillips v. Astrue*, 2011 WL 5041751, at *1 (D.S.C. Oct.21, 2011);*Tate v. Astrue*, 2010 WL 4860356, at *2 (D.S.C. Nov.23, 2010); *Washington v. Astrue*, 2010 WL 3023028, at *5 (D.S.C. July 29, 2010) (holding that EAJA fees are payable to plaintiff even where plaintiff has attached an affidavit assigning his rights in the fees award to counsel). At least one circuit court of appeals has additionally expressed concern that such contracts would constitute an "endrun" around the plain text of the EAJA, as interpreted in *Ratliff*. *See Brown v. Astrue*, 271 Fed. Appx. 741, 743 (10th Cir. 2008) (stating, in *dicta*, that claimant's "assignment of his right in the fees award to counsel does not overcome the clear EAJA mandate that the award is to him as the prevailing party . . . ."). The undersigned has on some previous occasion ordered payment to counsel but only where the United States has accepted the assignment as valid; the government's practice in this regard has not been uniform.
  But, in keeping with the prudent decisions of this district, the Court would decline to treat such an assignment as altering the Court's obligation, in payment, to the plaintiff directly. As the Court in *Ratliff* emphasized, EAJA controls what the losing defendant must pay, "not what the prevailing plaintiff must pay his lawyer." *Ratliff,* 560 U.S. at 598.

further claims that the plaintiff may have under the EAJA to fees, costs, and expenses incurred in connection with disputing the Commissioner's decision.  This award is without prejudice to the rights of the plaintiff's counsel to seek attorney fees under section 206(b) of the Social Security Act, 42 U.S.C. § 406(b), subject to the offset provisions of the EAJA.

      IT IS SO ORDERED.

/s/ Bruce Howe Hendricks
United States District Judge

December 10, 2014
Greenville, South Carolina.